IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-44-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JOSE CRUZ LOPEZ, JR, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court upon movant's "request to file a motion to gain relief from a judgment or order" (DE # 248) and motion "requesting this Honorable court to enforce the judgment & comitment order pursuant to defendant Lopez, Jr." (DE # 249). The government has not responded to movant's motions. In this posture, the matters are ripe for adjudication.

Through his motions, movant challenges the Federal Bureau of Prison's ("BOP") calculation of his sentence. In particular, movant alleges that the BOP erroneously determined that the court's sentence runs consecutive to a prior federal sentence. The execution of one's sentence must be challenged under 28 U.S.C. § 2241. United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citation omitted); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997); Hammitt v. United States Probation Office, 235 F. App'x 129, 130 (4th Cir. 2007). Thus, the court construes movant's pleadings as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Movant is incarcerated at the Federal Correctional Institution in Three Rivers, Texas. Proper venue for filing a claim under 28 U.S.C. § 2241 is the district where an inmate is confined. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). A district court has discretion to transfer a civil action

pursuant to 28 U.S.C. § 1631 if it is in the interest of justice or to dismiss it without prejudice. See United States v. Gripper, 224 F. App'x 219, 200 (4th Cir. 2007) (per curiam); United States v. Little, 392 F.3d 671, 680 (4th Cir. 2004) (dismissing § 2241 petition without prejudice for improper venue); Gambrell v. Batts, No. 1:11-0042, 2012 WL 844537, at *2 (S.D.W. Va. Mar. 12, 2012).

In this case, movant currently does not have a pending civil action nor has he paid the five dollar ($5.00) filing fee or filed an application to proceed without the prepayment of the filing fee. Moreover, the court finds that movant's action would not be procedurally barred if it were dismissed without prejudice. Accordingly, the court finds that the interests of justice requires that the action be dismissed without prejudice to allow movant the opportunity to file this action in the appropriate forum which is the United States District Court for the Southern District of Texas.

To the extent movant seeks to attack the legality of his conviction or sentence rather than the execution of his sentence, he must do so pursuant to a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The format of any § 2255 motion must comply with Rule 2, Federal Rules Governing § 2255 Proceedings, and Local Civil Rule 81.2 of this court. All filings, including § 2255 motions on the correct form, must be submitted to:

Clerk of Court
United States District Court, E.D.N.C.
Terry Sanford Federal Building
310 New Bern Avenue, Room 574
Raleigh, NC 27601
ATTN: Prisoner Litigation Division

---

[1] The court notifies the movant of the § 2255 restrictions on second or successive motions, the one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255.

2

In sum, movant's § 2241 petition is DISMISSED without prejudice. Accordingly, movant's "request to file a motion to gain relief from a judgment or order" (DE # 248) and motion "requesting this Honorable court to enforce the judgment & commitment order pursuant to defendant Lopez, Jr." (DE # 249) are DENIED as moot.

SO ORDERED, this the 7th day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge