IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-00044-FL
No. 5:13-CV-00582-FL

**Jose Cruz Lopez, Jr.**,

Petitioner.

v.

**United States of America**,

Respondent.

**Memorandum & Recommendation**

Petitioner Jose Cruz Lopez, Jr., proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 146 month sentence of imprisonment imposed by the district court on July 10, 2008. ("Motion to Vacate".) Lopez argues that he is entitled to relief because 1) the court applied an inappropriate two-level sentencing enhancement based upon his possession of certain firearms, and 2) he received ineffective assistance of counsel. The Government argues that Lopez's motion should be dismissed because it was not filed in a timely manner. After reviewing the docket and the arguments of the parties, it appears that the court lacks subject matter jurisdiction over Lopez's motion because his sentence has already been reduced to the minimum term allowed by law. Additionally, even if the court had jurisdiction over his motion, it should be dismissed because it was not filed in a timely manner. Therefore, the undersigned recommends[1] that that the court deny Lopez's Motion to Vacate (D.E. 254) and grant the Government's Motion to Dismiss (D.E. 258).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## I.    Background

On January 11, 2008, Jose Cruz Lopez, Jr. ("Lopez") entered a plea of guilty to one count of conspiracy to distribute and possession with the intent to distribute five kilograms or more of cocaine and 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. (D.E. 152.) The court imposed judgment for this offense on July 10, 2008, and sentenced Lopez to 146 months of active imprisonment to run concurrently with the term of imprisonment imposed by a separate judgment in the Southern District of Texas. (*Id.*) Lopez did not appeal this judgment before his time to appeal expired on July 24, 2008. He filed the Motion to Vacate currently before the court on August 13, 2013.

While Lopez's Motion to Vacate was pending, he filed a motion pursuant to 18 U.S.C. § 3582(c)(2), which requested that the Court reduce his sentence "to the statutory mandatory minimum of one hundred twenty (120) months" (D.E. 264) based upon the United States Sentencing Commission's retroactive reduction of the applicable sentencing guideline range for his offense (D.E. 269). The Court granted Lopez's Section 3582 Motion on December 29, 2014, and reduced his sentence of imprisonment to 120 months. (D.E. 273.)

## II.    Discussion

The Court's December 29, 2014 Order reducing Lopez's sentence to the minimum term allowed by law has mooted his Motion to Vacate. Lopez's Motion is only directed at the sentence imposed by the district court, not his underlying conviction. Given that Lopez's 120 month sentence is the minimum sentence allowed by law for his offense, 21 U.S.C. § 841(b)(1)(A) (providing that a person convicted of an offense involving 5 kilograms or more of cocaine or 1000 kilograms or more of marijuana "shall be sentence to a term of imprisonment

2

which may not be less than 10 years…."), he has already received all of the relief available to him under Section 2255.  Therefore, his Motion to Vacate is moot and should be dismissed.  *See Summers v. United States*, Case No. 2:11-cv-908, 2014 WL 5463910, at *8 (M.D. Ala. Oct. 27, 2014) (holding that the district court's decision to grant a Section 3852(c)(2) motion rendered the defendant's Section 2255 claims moot because the revised sentence "is the lowest possible sentence he may receive under the controlling statutes."); *United States v. Clemons*, Cr. No. 8:09-788, 2012 WL 78834, at *1 (D.S.C. Jan 9, 2012) (dismissing a Section 2255 motion as moot because a sentence reduction pursuant to Section 3582(c)(2) effectively granted the defendant the relief he sought).

Even if the court had jurisdiction over Lopez's claim, it would still be appropriate to dismiss his motion because, as the Government correctly notes, it was not filed in a timely manner.  The Antiterrorism and Effective Death Penalty Act of 1996 established a one year limitations period in which a federal prisoner must file a Section 2255 motion.  The one year period runs from the latest of

> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Lopez cannot establish that his motion was filed in a timely manner under any of the four prongs of Section 2255(f).  He cannot establish timeliness under Section 2255(f)(1) because his motion was filed in 2014, well over a year after the July 10, 2008 entry of the judgment in his case.  He is also unable to rely upon Section 2255(f)(2) or (4) because he is not claiming that the Government impeded him from filing his motion or that he has discovered new facts supporting his claim.

Thus, Lopez is left to argue that his Motion to Vacate is timely because it was filed within one year from the date the Supreme Court announced recognition of new constitutional rules of criminal procedure in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (D.E. 254; *Motion* at 12.)  In *Apprendi*, the Court held that any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. at 490.  *Alleyne* extended this rule to hold that any facts increasing the statutory minimum sentence are elements of the offense that must be found by a jury and proved beyond a reasonable doubt.  133 S. Ct. at 2155.

Neither of these cases saves Lopez's motion from the bar imposed by the expiration of the limitations period. The Fourth Circuit has noted that *Alleyne* has not been made retroactively applicable to cases on collateral review. *United States v. Stewart*, 540 F. App'x 171, 172 (4th Cir. 2013) (unpublished).  *See Dunn v. United States*, 5:11-CR-275-FL, 2014 WL 6694060, at *2 (E.D.N.C. Nov. 26, 2014); *Woods v. United States*, Case No. 5:10-CR-273-FL, 2014 WL 6650904, at *2 (E.D.N.C. Nov. 24, 2014); *Barber v. United States*, No. 5:08–CR–279–FL–1, 2014 WL 6609739, at *3 (E.D.N.C. Nov. 20, 2014).  Similarly, the Fourth Circuit determined well over a decade ago that "the new rule announced in *Apprendi* does not rise to the level of a

4

watershed rule of criminal procedure" requiring retroactive application on collateral review. *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001).[2] As Lopez's Motion to Vacate is not based upon the recognition of a new right by the United States Supreme Court that has been made retroactively applicable to cases on collateral review, he cannot utilize Section 2255(f)(3) to establish that his motion was filed in a timely manner.

Lopez's ineffective assistance of counsel claim is also untimely. Lopez argues that his counsel was ineffective because 1) he did not inform Lopez that he could appeal his conviction or apply for post-conviction relief, and 2) he "deliberately put forth a deficient performance" by allowing the government to apply a 2-level sentencing enhancement based on the possession of firearms. (D.E. 254; *Motion* at 10, 14.) Lopez suggests that these claims are timely under Section 2255(f)(4) because he did not discover the Supreme Court decisions purportedly highlighting his counsel's alleged errors until "recently." (*Id.* at 10.)

Lopez's first claim fails because he signed a plea agreement waiving his right to appeal his conviction (D.E. 152; Plea at 1-2) and was advised of his remaining appellate rights by the judge during his sentencing hearing on July 10, 2008. (D.E. 171.) Lopez, therefore, knew all of the relevant facts concerning his right to apply for post-conviction relief as of his sentencing hearing. His later discovery of *Apprendi* and *Alleyne* are irrelevant and does not provide a new fact that would grant him a new limitations period under Section 2255 (f)(4). (*See* D.E. 254; *Motion* at 10.)

---

[2] Lopez also cites *Lightfoot v. State*, 152 So.3d 445 (Ala. 2013) to support his argument. This case is inapposite. In *Lightfoot*, the Alabama Supreme Court addressed the application of the rules in *Apprendi* and *Alleyne* to a case on direct appeal in the Alabama state court system not their retrospective application for the purposes of a § 2255 motion. *Id.* at 447-48.

His second claim fails because his counsel's allegedly deficient performance during the sentencing process was a fact discoverable at the time of the hearing. Section 2255(f)(4) imposes an objective standard; it begins the limitations period from the moment "when the facts could have been discovered through the exercise of due diligence, not when they were actually discovered." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002) (emphasis omitted). Lopez knew about the 2-level sentencing enhancement and his counsel's performance in relation to it at the time of his sentencing hearing. Accordingly, under Section 2255(f)(4), Lopez had one year from the date he discovered these facts to file his claim. He failed to do so and his claim is untimely.

Therefore, in light of the fact that Lopez's motion was not filed within the one year limitations period established by Section 2255(f), his Motion to Vacate should be denied and the Government's Motion to Dismiss should be granted.

## IV. Conclusion

For the reasons described more fully above, the undersigned recommends that the court deny Lopez's Motion to Vacate (D.E. 254) and grant the Government's motion to dismiss (D.E. 258).

Date: April 10, 2015.

Robert T. Numbers, II
United States Magistrate Judge